**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CLEVELAND-CLIFFS BURNS | ) | |
| HARBOR LLC f/k/a ARCELORMITTAL | ) | |
| BURNS HARBOR LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-62-PPS-JPK |
| | ) | |
| SEI SOLUTIONS LLC and EVANSTON | ) | |
| INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject

matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and

dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently,

the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Cleveland-Cliffs Burns Harbor LLC f/k/a ArcelorMittal Burns Harbor LLC filed

a Complaint (ECF No. 1) asserting this Court's subject matter jurisdiction based on diversity of

citizenship of the parties. As the party invoking federal jurisdiction, Plaintiff has the burden of

establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*,

562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no Defendant

may be a citizen of the same state as Plaintiff, and the amount in controversy must be more than

$75,000. *See* 28 U.S.C. § 1332(a). Although Plaintiff has sufficiently alleged its own citizenship

(ECF No. 1, ¶¶ 1-2), the Complaint fails to allege sufficiently the citizenship of Defendants SEI

Solutions LLC and Evanston Insurance Company, or a sufficient amount in controversy.

As to the corporate Defendant, the Complaint alleges that "Evanston Insurance Company

is an Illinois insurance company that is licensed to and which does transact insurance business in

the State of Indiana." (ECF No. 1, ¶ 4). For purposes of diversity jurisdiction, however, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1). Plaintiff must therefore allege the state of incorporation and principal place of business Defendant Evanston Insurance Company as of the time the Complaint was filed.

Regarding the remaining Defendant, the Complaint alleges that "SEI Solutions LLC is a limited liability company organized under the laws of Indiana and whose principal place of business is in Indiana." (ECF No. 1, ¶ 3). But a limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Accordingly, the "name and citizenship" of each member of a limited liability company "must be identified to determine diversity jurisdiction." *See Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed") (citing *Guar. Nat'l Title*, 101 F.3d at 59). Moreover, citizenship must be "traced through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). And all such allegations must state the citizenship of each such member at the time the Complaint was filed. *See Thomas*, 487 F.3d at 533-34. Plaintiff must therefore identify each member of SEI Solutions LLC, and each such member's citizenship, as of the date the Complaint was filed.

Regarding the amount in controversy, the Complaint alleges merely that "the amount at issue exceeds the jurisdictional requirements." (ECF No. 1, ¶ 5). This fails to satisfy Plaintiff's burden to show a "plausible" and "good-faith estimate of the stakes," as required to demonstrate a sufficient amount in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007). "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins." *Id*. Here, the Court acknowledges that the amount in controversy may depend on an underlying state court lawsuit that may not explicitly allege the damages sought. (ECF No. 1, ¶¶ 19-23; ECF No. 1-5). In such a case, the Seventh Circuit has suggested several ways to demonstrate the good-faith estimate required, such as by contention interrogatories or admissions in state court; calculation from the state complaint's allegations or how much it would cost to satisfy its demands; or reference to informal estimates or settlement demands in that case. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). The limits of any liability insurance policy or indemnification agreement at issue may also be relevant. *See Ramirez v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-cv-449, 2016 WL 204490, at *4 (N.D. Ind. Jan. 15, 2016) (insurance policy limit combined with plaintiff's settlement demand in underlying action sufficient to support amount in controversy). While the Court imposes no particular manner of demonstrating the amount in controversy here, it is Plaintiff's burden to show that it exceeds the requisite $75,000. *Oshana*, 472 F.3d at 511. Plaintiff is therefore required to allege such a "plausible" and "good-faith" estimate of the amount in controversy based on appropriate facts. *Id*.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the basis for a sufficient amount in controversy, and the citizenship of Defendants SEI Solutions LLC and Evanston Insurance Company, as set out above. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **March 8, 2021**, a supplemental jurisdictional

statement that properly alleges the amount in controversy and citizenship of both Defendants as stated above.

So ORDERED this 22nd day of February, 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT